UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23cv21728

BARBARA TWETEN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
A LIBERIAN CORPORATION
d/b/a "ROYAL CARIBBEAN GROUP" and/or
"ROYAL CARIBBEAN INTERNATIONAL,"
A foreign corporation

    Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, BARBARA TWETEN, is *sui juris* and a citizen of Florida ("Tweten" or "Plaintiff").

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. A LIBERIAN CORPORATION d/b/a ROYAL CARIBBEAN GROUP and/or ROYAL CARIBBEAN INTERNATIONAL ("RCCL" or "Defendant") is a foreign entity with its principal place of business in Miami, Florida.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract, and because there is no diversity among the parties, it is brought under the admiralty or maritime claim jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Was engaged in substantial activity within this state; and/or

    d. Operated vessels in the waters of this state; and/or

    e. Committed one or more of the acts stated in Florida Statues, Sections 48.081, 48.181 or 48.193

    f. The acts of Defendant set out in the Complaint occurred in whole or in part in this county and/or state.

    g. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

5. The Defendant RCCL is subject to the jurisdiction of the Courts of this State.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and the laws of the state of Florida.

7. Defendant RCCL, as a common carrier, was engaged in the business of providing to the public and to Plaintiff, in particular, for compensation, vacation cruises aboard the vessel *Harmony of the Seas*.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the *Harmony of the Seas* vessel.

9. At all times material hereto, Defendant had exclusive custody and control of the *Harmony of the Seas*.

10. In or about February 6, 2022, Plaintiff was a fare-paying passenger on Defendant's vessel, *Harmony of the Seas*, which at all times material sailed in navigable waters.

11. On or about February 12, 2022, Plaintiff was severely injured when walking along Deck #15, near the *Harmony of the Seas* basketball courts, and fell and injured her knees. Specifically, the Plaintiff's injury occurred and caused her to suffer severe and permanent injuries. The staff was drying off the deck and mopping with no warning signs of any present danger. As a result of Plaintiff's fall, Plaintiff suffered traumatic injuries. A witness called for the staff to bring a wheelchair to assist Plaintiff further.

12. On or about February 13, 2022, Plaintiff disembarked the cruise ship and boarded a special bus with accommodations for a wheelchair. When Plaintiff arrived home, her husband noticed something was not quite right. Plaintiff went to Mease Hospital Dunedin, where she was admitted for three (3) days. After observance, Plaintiff was told that all her pain and symptoms directly resulted from her knee injuries.

13. At all times relevant, Deck #15 near the basketball courts was unreasonably dangerous and amounted to a dangerous condition as the staff was mopping up water and did not provide any signs of warning or danger to Plaintiff.

14. This area lacked adequate safety features to prevent Plaintiff's fall.

15. These hazardous conditions were known to the defendant or should have been known in the exercise of reasonable care.

16. These hazardous conditions existed for some time before the incident.

17. These conditions were neither open nor obvious to Plaintiff.

18. Nevertheless, at all times relevant, Defendant failed to inspect the area of Plaintiff's incident for dangers adequately.

19. At all times relevant, Defendant failed to eliminate the hazard(s).

20. At all times, Defendant failed to maintain the area properly.

21. At all times relevant, Defendant failed to maintain the floors that comprised the area of Plaintiff's incident.

22. At all times relevant, Defendant participated in the design and/ or approved the design of the walkways located on Deck #15 near the basketball courts on the *Harmony of the Seas*.

23. At all times relevant, Defendant failed to train and supervise its crew properly.

24. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards.

25. As such, at all times material hereto, Defendant knew of the foregoing condition(s) existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of it/them and corrected it/them.

## COUNT I- GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-five (25) as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. Such duties include but are not limited to, the duty to provide its passengers and Plaintiff in particular reasonable care to inspect for and resolve dangerous, hazardous, and/or risk-creating conditions that passengers, including Plaintiff, will likely encounter.

28. Such duties also include but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

29. Such duties include but are not limited to, the duty to warn passengers of hazards that passengers may reasonably be expected to encounter.

30. On or about February 12, 2022, Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

a.  Failure to inspect, keep, and maintain deck #15, specifically near the basketball courts, in a reasonably safe condition to help prevent hazards to its passengers and specifically to Plaintiff;

b.  Failure to install proper and reasonable safeguards to prevent passengers from being injured when traversing the subject area;

c.  Failure to take proper precautions for the safety of passengers traversing the subject area;

d.  Failure to warn Plaintiff of the risk- created by traversing Deck #15 near the basketball courts;

e.  Failure to have adequate policies and procedures in place for inspection and maintenance of the walkways along Deck #15 near the basketball courts;

f.  Failure to adequately train its crew to keep Deck #15 near the basketball courts clean and free of hazards;

g.  Failure to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed;

h.  Failure to make the wet and slippery floors objectively perceivable to passengers with warning signs;

i.  Failure to warn Plaintiff and passengers of the hidden danger of the wet and slippery floors of Deck #15 near the basketball courts;

j. Failure to comply with applicable standards, statutes, or regulations, the violation of which is negligence *per se* and/ or evidence of negligence;

k. Failure to treat the walkways along Deck #15, near the basketball courts, to prevent them from becoming unreasonably dangerous;

l. Failure to maintain the area and the premises otherwise safely and reasonably; and/ or

m. Failure to properly and safely instruct passengers traversing Deck #15, near the basketball courts, of the risks involved with the use of the subject area;

n. Failure to properly and adequately supervise the passenger's Deck #15, near the basketball courts;

o. Failure to properly and adequately assist passengers traversing Deck #15 near the basketball courts;

p. Failure to take proper precautions for the safety of passengers traversing Deck #15 near the basketball courts;

q. Failure to promulgate and/ or enforce rules, restrictions, or procedures to ensure the safety of passengers traversing Deck #15 near the basketball courts;

r. Failure to promulgate and/ or enforce rules or procedures to ensure that crew members are adequately supervising Deck #15, near the basketball courts and the adjacent areas;

s. Failure to engage proper and reasonable safeguards to prevent passengers from being injured while traversing Deck #15 near the basketball courts;

t. Failure to prevent improper and dangerous use of the ship's Deck #15 near the basketball courts;

u. Failure to station crewmembers in proper positions around the subject area to help participants in need of aid;

v. Failure to warn Plaintiff and other passengers of prior similar incidents;

w. Failure to respond adequately to prior similar incidents and take corrective measures;

x. Failure to train its employees/ agents to properly assist and help injured passengers traversing Deck #15 near the basketball courts;

y. Failure to adequately train its employees/ agents whose duty it was to instruct, supervise, and assist passengers traversing Deck #15 near the basketball courts;

z. Failure to adequately train its employees/ agents whose duty it was to warn passengers of wet and slippery floors along Deck #15, near the basketball courts, of the inherent and unreasonable dangers and risks associated with the use of the subject area;

aa. Failure to adequately convey to passengers the risk of serious injury or death;

bb. Failure to promulgate and/or enforce adequate policies and/or procedures regarding the inspection and/or maintenance of the subject area;

cc. Through other acts or omissions constituting a breach of the duty to use reasonable care will be revealed through discovery.

31. All or some of the above acts and/or omissions by Defendant, its agents, employees, and/or crewmembers directly caused and/or contributed to Plaintiff being severely injured.

32. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had Defendant implemented proper methods of inspection; and/or (d) created the risk- creating conditions.

33. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred

medical expenses in the care and treatment of her injuries, suffered permanent physical handicap, lost wages, and loss of future earning capacity as her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

34. The losses are either permanent or continuing in nature.

35. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE,** Plaintiff demands judgment for all damage recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-five (25) as though alleged originally herein.

36. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

37. At all times material hereto, it was the duty of Defendant to warn passengers of dangers that were known or reasonably should have been known to Defendant in places where passengers are invited to or may reasonably be expected to visit.

38. On or about February 12, 2022, Plaintiff was severely injured when walking along Deck #15, near the Harmony of the Seas basketball courts, and fell and injured her knees when the staff was drying off the deck and mopping with no warning signs of any present danger, which was a place Defendant invited Plaintiff to be, a place Defendant reasonably expected the Plaintiff to be and an activity Defendant reasonably expected Plaintiff to engage in during the cruise.

39. On or about February 12, 2022, Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failure to inspect, keep, and maintain deck #15, specifically near the basketball courts, in a reasonably safe condition to help prevent hazards to its passengers;

   b. Failure to install proper and reasonable safeguards to prevent passengers from being injured when traversing the subject area;

   c. Failure to take proper precautions for the safety of passengers traversing the subject area;

   d. Failure to warn Plaintiff of the risk- created by traversing Deck #15 near the basketball courts;

   e. Failure to have adequate policies and procedures in place for inspection and maintenance of the walkways along Deck #15 near the basketball courts;

   f. Failure to adequately train its crew to keep Deck #15 near the basketball courts clean and free of hazards;

   g. Failure to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed;

   h. Failure to make the wet and slippery floors objectively perceivable to passengers with warning signs;

i. Failure to warn Plaintiff and passengers of the hidden danger of the wet and slippery floors of Deck #15 near the basketball courts;

j. Failure to comply with applicable standards, statutes, or regulations, the violation of which is negligence *per se* and/ or evidence of negligence;

k. Failure to treat the walkways along Deck #15, near the basketball courts, to prevent them from becoming unreasonably dangerous;

l. Failure to maintain the area and the premises otherwise safely and reasonably; and/ or

m. Failure to properly and safely instruct passengers traversing Deck #15, near the basketball courts, of the risks involved with the use of the subject area;

n. Failure to properly and adequately supervise the passenger's Deck #15, near the basketball courts;

o. Failure to properly and adequately assist passengers traversing Deck #15 near the basketball courts;

p. Failure to take proper precautions for the safety of passengers traversing Deck #15 near the basketball courts;

q. Failure to promulgate and/ or enforce rules, restrictions, or procedures to ensure the safety of passengers traversing Deck #15 near the basketball courts;

r. Failure to promulgate and/ or enforce rules or procedures to ensure that crew members are adequately supervising Deck #15, near the basketball courts and the adjacent areas;

s. Failure to engage proper and reasonable safeguards to prevent passengers from being injured while traversing Deck #15 near the basketball courts;

t. Failure to prevent improper and dangerous use of the ship's Deck #15 near the basketball courts;

    u.  Failure to station crewmembers in proper positions around the subject area to help participants in need of aid;

    v.  Failure to warn Plaintiff and other passengers of prior similar incidents;

    w.  Failure to respond adequately to prior similar incidents and take corrective measures;

    x.  Failure to train its employees/ agents to properly assist and help injured passengers traversing Deck #15 near the basketball courts;

    y.  Failure to adequately train its employees/ agents whose duty it was to instruct, supervise, and assist passengers traversing Deck #15 near the basketball courts;

    z.  Failure to adequately train its employees/ agents whose duty it was to warn passengers of wet and slippery floors along Deck #15, near the basketball courts, of the inherent and unreasonable dangers and risks associated with the use of the subject area;

    aa.  Failure to adequately convey to passengers the risk of serious injury or death;

    bb.  Failure to promulgate and/or enforce adequate policies and/or procedures regarding the inspection and/or maintenance of the subject area;

    cc.  Through other acts or omissions constituting a breach of the duty to use reasonable care will be revealed through discovery.

40. All or some of the above acts and/or omissions by Defendant, its agents, employees, and/or crewmembers directly caused and/or contributed to Plaintiff being severely injured.

41. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or

continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## EQUITABLE TOLLING

42. The doctrine of equitable tolling was developed to permit, under certain circumstances, the filing of a lawsuit that otherwise would be barred by a limitations period. *Machules v. Dep't of Admin.*, 523 So. 2d 1132 (Fla. 1988).

43. The tolling doctrine is used in the interests of justice to accommodate both a defendant's right not to be called upon to defend a stale claim and a plaintiff's right to assert a meritorious claim when equitable circumstances have prevented a timely filing. *Id.*

44. Equitable tolling is a type of equitable modification that "focuses on the plaintiff's excusable ignorance of the limitations period and [the] lack of prejudice to the defendant." *Id.*

45. Plaintiff diligently pursued her rights for the following reasons:

   a. On or about March 2, 2022, Plaintiff sent Defendant a Spoilation letter informing Defendant that the undersigned counsel represents Plaintiff.

   b. On or about March 9, 2022, Plaintiff sent correspondence to Defendant requesting insurance and policy information.

   c. On February 10, 2023, Plaintiff, before the tolling of the statute of limitations, filed her Complaint in Miami-Dade Circuit Court.

46. Defendant was further informed of Plaintiff's intent to assert her rights when it was served with Plaintiff's summons and complaint.

47. There is no prejudice to Defendant, as they were aware of Plaintiff's intent to assert her rights when Plaintiff filed her complaint before the one-year statute of limitations expired.

48. The prejudice to the Plaintiff should the Court dismiss this case will far outweigh any technical or procedural prejudice to the Defendant, who should be required to answer for the allegations of negligence, which caused serious injury to the Plaintiff.

**WHEREFORE**, Plaintiff BARBARA TWETEN respectfully requests that this Honorable Court apply Equitable Tolling and whatever relief it should deem just and proper under the circumstances.

Respectfully submitted,

**COLEMAN LAW GROUP, PA**

 /s/ *Constance D. Coleman*
**CONSTANCE D. COLEMAN, ESQ.**
**Florida Bar No.: 0064250**
**2901 1st Ave. N., Ste 303**
**St. Petersburg, FL 33713-8640**
**T: 727-214-0400**
**F: 727-214-0407**
constance@clgfl.com; mail@clgfl.com
*Counsel for Plaintiff*